The plaintiff] in the district court of Edgefield, was nonsuited, by reason that he did not produce his letters of administration at the trial. The defendant entered up judgment against the plaintiff for the costs, and took out execution against his goods. On motion in the district court, the judgment and execution were set aside, on the ground, that the administrator was not liable to the costs of said nonsuit, to satisfy the same <le bonis projpriis. Exception was taken to this decision, and the same submitted to this court; but it having appeared that the action was brought upon a contract of the intestate, for which the plaintiff could not maintain an action in his own name; and that being miscognizant of the cause of action, he ought not to be made responsible for the costs of the nonsuit; the court confirmed the determination of the district court. Vide Bac. Abr. Costs. D. The statutes 23 H. 8, c. 15. 4 Jac. 1 c. 3, and 8 and 9 W. and M. c. 11, give no costs against executors and administrators. And see Bull. N. P. 332. 2 Str. 871.
Quiere. Was it proper to nonsuit the plaintiff, as stated in the above case 1 If the plaintiff had declared on his own possession, or on a contract made with himself, and named himself administrator, he was bound to prove that he was administrator at the trial, by producing his letters of administration, although he was not bound to make a proferí of them : for he ought to prove Ms case as he has stated it. But where he sues as administrator, and in right of his intestate, and for a cause of action he is not supposed to be cognizant of, although it is proper to make a proferí of his letters of administration,-as being the instrument which authorises him to bring the action, yet he is not bound to prove or produce his letters of administration at the trial, unless they are denied or put in issue by the plea ; i. e. unless the defendant disputes the right of the plaintiff to sue in that character, for if he pleads to the action of the writ, he admits the right of the plaintiff to sue. See 5 Rep. 74. 2 Dall. Rep. 100, 69. Hayw. Rep. 166. 2 Esp. Rep. 564. [The rule has long been settled conformably to the distinction here suggested. See 1 Bailey, 447, 546. 2 Id. 174, where the several cases which have been decided, are referred to.]